New York County.—Hon. D. C. CALVIN, Surrogate.—
September, 1879.

## Keyser v. Kelly.

*In the matter of the estate of* James Kelly, *deceased.*

Where, upon the petition of a judgment creditor of the estate for leave to issue execution and praying a citation to account, the answer of the executor alleged the publication of the usual notice to creditors to present their claims, the non-presentation of petitioner's claim, and the distribution of the assets, but it did not appear that any account-

ing had been had, *Held,* that the petitioner was entitled to a final accounting by the executor.

On a motion for leave to issue execution upon a judgment recovered against an executor as such, the judgment is binding upon the Surrogate as to all matters which might have been pleaded as defenses to the action. He cannot try the validity of the judgment.

*It seems,* that where an appeal is taken by an executor from a judgment rendered against him as such, and a stay of execution is granted, leave to issue execution on the judgment will be refused until the result of the appeal is announced.

MOTION for leave to issue execution against the estate. The facts appear sufficiently in the opinion.

G. W. COTTERILL, *for petitioner.*

D. R. JAQUES, *for executor.*

THE SURROGATE.—The petition of Adam Keyser, trustee, &c., of Adam Klein, deceased, sets forth the recovery of a judgment against Franklin Kelly, executor, &c., for the sum of $3,403.03, on January 31, 1878, after a trial at law upon the merits. The prayer was for an execution and a citation to account. A citation was duly issued and served, requiring said executor to appear and account, pursuant to sections 20 and 21, 3 *R. S.,* 125 (6 ed.).

The executor appears, and among other things states that on the 25th day of August, 1871, an order was made requiring creditors to appear and present their claims under the usual advertisement, and that, under said advertisement, the petitioner never presented any claim, and that he, as executor, has distributed the personal assets which came to his hands ; and that there are no moneys or assets in his hands ; and that, prior thereto, he had a settlement with said trustee, &c., and paid and transferred to him in full of his demand, moneys and

securities which he accepted and receipted for in full. He admits the recovery of judgment as set forth in the petition, but alleges that he is advised that he has good ground to appeal, and that the time to appeal has not begun to run, by reason of the non-service of the notice of entry of such judgment; and then gives a statement of the assets received, and payments for expenses and debts; giving, in general terms, the amount of receipts, and the names of the persons, and the amounts of the debts paid by him respectively, showing that the estate is indebted to him.

It is not stated in the answer that the executor has ever rendered his account, and had the same settled. I am of the opinion that the petitioner is entitled to an account, to be filed under his citation, according to the usual practice, and that that contained in the answer is too general to enable a contesting party to file objections, or to enable an auditor to intelligently pass upon the correctness of the account thus included in the answer. I am of the opinion that the executor should file his formal account, and that the petitioner should be at liberty to file objections thereto, and contest its accuracy.

If the executor shall be able to show that he has paid out all the moneys which have come to his hands in the proper administration of the estate, then the motion will have to be denied; but it is not easy to believe that the executor paid the other debts of the estate, and disregarded the claim of the petitioner. Unless it shall appear that he is taking, in good faith, measures to review the judgment, he would seem to be liable to the petitioner for his *pro rata* share of the assets of the estate applicable to that judgment. But in case an

appeal shall be taken and prosecuted, and a stay of execution be had, then it would be proper to refuse this application until the result of the proposed review shall be reached.

I do not deem it necessary or proper to consider the statements by way of answer, relating to the alleged settlement with the petitioner, or his failure to present his claim. The prosecution of the action and recovery of judgment presented an opportunity for the determination of those questions, and on a motion for leave to issue execution it would be very improper for me to consider any matters which are alleged against the sufficiency of the judgment.

Let an order be entered directing the executor to file an account of his proceedings within ten days after service of a copy of the order to be entered hereon, and that the petitioner have one week in which to file objections thereto.

Ordered accordingly.